IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

KIMBERLY WARD,                                          )
                                                       )
                            Plaintiff,                 )
                                                       )        Case No
v.                                                     )
                                                       )        Jury Trial Demanded
WAL-MART STORES EAST I, LP                             )
        Serve:                                         )
        CT Corporation System, Registered Agent        )
        120 South Central Avenue                       )
        Clayton, Missouri 63105                        )
                                                       )
                            Defendants.                )

## **COMPLAINT**

COMES NOW Plaintiff Kimberly Ward, by and through the undersigned counsel, and for her claims for relief against Defendant Wal-Mart Stores East I, LP, states, alleges and avers as follows:

## PARTIES

1.      At all relevant times, Plaintiff was and is an individual and resident of Mexico, Audrain County, Missouri.

2.      At all relevant times, Defendant was and is a Delaware corporation registered to do business in the State of Missouri that owned and operated a store located at 4820 S. Clark Street, Mexico, Missouri 65256 (the "Premises").  Defendant may be served via their registered agent, CT Corporation System located at 120 South Central Avenue, Clayton, Missouri 63105.

## JURISDICTION

3.      This Court has original jurisdiction over this civil matter pursuant to 28 U.S.C. §1332 in that the parties to this matter are diverse in citizenship and the amount in controversy exceeds $75,000.00.

4.      Venue is proper per 28 U.S.C. §1391 in that this judicial district represents the location where a substantial part of the events or omissions giving rise to the claim occurred, and includes a substantial part of the property that is the subject of the action.

<u>FACTS COMMON TO ALL COUNTS</u>

5.      On June 10, 2022, Plaintiff was a business invitee at the Premises.

6.      While walking down one of the aisles, Plaintiff's shoe became caught in a crack between slabs of concrete flooring inside the store.

7.      Because her shoe became unexpectedly lodged between the concrete flooring slabs, Plaintiff lost her balance and fell into a pallet of products in the aisle.

8.      The crack, or gap, between the concrete flooring slabs showed evidence of disrepair and/or neglect in that the edges were worn, uneven, and jagged.

9.      The area in which Plaintiff fell had no warnings or signage posted at the time of her fall to warn passers-by of the danger presented by the flooring.

10.      As a result of Plaintiff's fall, she sustained injuries to her knee, ankle, and back.

**COUNT I – PREMISES LIABILITY**

11.      Plaintiff hereby incorporates by reference all preceding allegations of the Complaint as if fully set forth herein.

12.      At all relevant times herein, Defendant was the owner, operator, and/or property manager of the Premises, and/or maintained possession, control and/or maintenance of the Premises where the Incident occurred.

13.      Defendant owed a duty to exercise reasonable care to ensure that the Premises were in a reasonably safe and suitable condition for invitees, including Plaintiff.

14.      At the time of Plaintiff's injury, the crack, or gap, in the flooring where Plaintiff fell and was injured constituted an unreasonably dangerous condition.

15.    Defendant knew or should have known through the exercise of reasonable care that the condition of the Premises at the date and time of Plaintiff's injury was unreasonably dangerous.

16.    Alternatively, Defendant negligently created the dangerous condition or so caused it to be created by negligently maintaining the Premises, such that Defendant was deemed to have had actual notice of said dangerous condition.

17.    Defendant breached its duty to Plaintiff when it failed to keep the Premises in a condition that was reasonably safe for Plaintiff and other invitees, and further by failing to remedy or warn Plaintiff of said dangerous condition.

18.    As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff was injured and has suffered and will continue to suffer damages including, but not limited to, those arising from:

      a.    Past medical and hospital expenses;

      b.    Future medical, hospital and life care expenses;

      c.    Past and future emotional distress;

      d.    Pain and suffering;

      e.    Mental anguish;

      f.    Disfigurement; and

      g.    Past and future loss of enjoyment of life.

19.    All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

WHEREFORE, based on the foregoing, Plaintiff prays for a judgment against Defendant in excess of $75,000, Plaintiff's costs incurred herein and for such other and further relief as the Court deems just and proper.

<u>DEMAND FOR A JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all counts and claims in this cause of action.

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

/s/ Steven W. Duke
STEVEN W. DUKE   #68034MO
900 Spruce Street, Suite 150
St. Louis, MO 63102
Phone: (314) 888-4444
Fax:    (314) 899.2960
E-mail: steve.duke@dmlawusa.com
ATTORNEY FOR PLAINTIFF